JEFF K. JOYNER (SBN 180485)
jjoyner@glaserweil.com
GIANNA SEGRETTI (SBN 323645)
gsegretti@glaserweil.com
ROBERTO C. ARBULU (SBN 340381)
rarbulu@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: (310) 553-3000
Fax: (310) 556-2920

PETER M. BRANSTEN (SBN 113352)
pbransten@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Phone: (415) 510-4815
Fax: (415) 510-4790

*Attorneys for Plaintiff*
*DASH.FI TECHNOLOGIES INC.*

Glaser Weil

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DASH.FI TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:26-cv-11130-RFL<br><br>Hon. Rita F. Lin<br><br>**PLAINTIFF DASH.FI TECHNOLOGIES INC.'S NOTICE OF MOTION AND *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

Glaser Weil

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT at a time to be set by the Court, pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rule 65-1, Plaintiff Dash.Fi Technologies Inc. ("Plaintiff" or "Dash.fi"), by and through undersigned counsel, will and hereby does respectfully move *ex parte* for an order from this Honorable Court for issuance of a Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue against Defendant Meta Platforms, Inc. ("Defendant" or "Meta").

This *ex parte* application is based on the accompanying Memorandum, the Declaration of Jeff K. Joyner and the Declaration of Zach Johnson, filed herewith, the records and pleadings on file in this action, and upon such other pleadings and evidence that may be presented prior to or at any oral argument that may be permitted by the Judge. A Proposed Temporary Restraining Order is also respectfully submitted herewith.

This Motion is made on the grounds that:

(1) absent injunctive relief, Dash.fi is likely to suffer irreparable harm, including substantial disruption to its business;

(2) the balance of equities tips decidedly in Dash.fi's favor;

(3) Dash.fi is likely to succeed on the merits of its claims; and

(4) the public interest would be served by the issuance of a temporary restraining order.

Dash.fi's Motion seeks an *ex parte* order requiring Meta to:

(1) Rescind its action of blocking and disallowing use of the Dash.fi credit card by advertisers on Meta's platforms;

(2) Cease making disparaging statements about Dash.fi to third parties;

(3) Reverse its technical measures blocking Dash.fi's API from Meta's platforms; and

(4) Restore the Meta accounts of Dash.fi and the Dash.fi employees and contractors identified in Meta's cease-and-desist letter dated September 24, 2026.

Pursuant to Civil L.R. 65-1 and as set forth in the Declaration of Jeff K. Joyner, counsel for Dash.fi gave appropriate notice of this motion to Meta's counsel Ariel B. Fischoff of Ashurst Perkins Coie US LLP, 700 13th Street, N.W., Suite 800, Washington, D.C. 20005-3960 by letter

Glaser Weil

dated October 2, 2026, and by email and phone on October 5, 2026; and Meta's counsel stated in an email dated October 5, 2026, that Meta opposes this Motion.

Meta's counsel also requested in its October 5, 2026, e-mail that Dash.fi agree to a briefing schedule for its *ex parte* application for a temporary restraining order to which Dash.fi's counsel responded as follows in an email dated October 6, 2026:

> We oppose any extended briefing schedule on the temporary restraining order which is being sought for the purpose of an ex parte restraining order, i.e. on an emergency basis to prevent irreparable harm to our client. Agreeing to a briefing schedule would turn the ex parte temporary restraining order into a briefing schedule for a preliminary injunction motion, which is already provided for in the proposed restraining order.
>
> We sent you a letter on Friday, October 2, 2026, asking if you would meet and confer with us to discuss a resolution in which your client agrees to our requested relief and provided you with our availability to do so. You only replied yesterday after we provided you with additional notice and only to say that your client opposes the relief sought and to demand an extended briefing schedule.
>
> Given your client's ban of the Dash.fi card that began yesterday, October 5, 2026, our client has and will continue to suffer irreparable harm to its business's reputation and goodwill with customers, potential customers, and employees, as well as the impending destruction of its entire business. Therefore, there is no other option to prevent irreparable harm other than to seek the relief as an *ex parte* temporary restraining order.

Declaration of Jeff K. Joyner, Exhibit D. The bases for seeking *ex parte* relief are further set forth in the memorandum in support of the Motion filed herewith.

DATED: October 6, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: ______________________________
JEFF K. JOYNER
PETER M. BRANSTEN
GIANNA SEGRETTI
ROBERTO C. ARBULU

*Attorneys for Plaintiff*
*DASH.FI TECHNOLOGIES INC.*