**PUBLIC REDACTED VERSION**

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

MOLLY JENNINGS (*pro hac vice*)
molly.jennings@wilmerhale.com
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6443

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

DASH.FI TECHNOLOGIES INC.,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:26-cv-11130-RFL

**DEFENDANT'S OBJECTION AND MOTION TO STRIKE PLAINTIFF'S NEW REPLY EVIDENCE**

Date: Thursday, October 15, 2026
Time: 10:00 a.m.
Place: Courtroom 4, 17th Floor

Pursuant to Civil Local Rule 7-3(d)(1), Defendant Meta objects to the nearly ***500*** pages of new evidence—including a 22-page expert report (Dkt. 27-5), 18 new exhibits, and a new witness declaration (Dash.fi CFO) (Dkt. 28-4)—that Plaintiff Dash.fi submitted with the Reply in support of the Motion for a Preliminary Injunction. *See* Dkts. 27, 27-1 – 27-8, 28, 28-1 – 28-19. Meta requests the Court strike this evidence or, in the alternative, adjourn the October 15, 2026 preliminary injunction hearing, enter an expedited discovery schedule, and reschedule the hearing for a date in December 2026 after the completion of discovery.

Courts in this district commonly sustain objections to new evidence introduced on reply, including in the preliminary injunction context. *See, e.g.*, *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006); *see also* Civil L.R. 7-3 ("If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence[.]"). "[W]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (internal quotation marks omitted); *see O'Hailpin v. Hawaiian Airlines, Inc.*, 583 F. Supp. 3d 1294, 1302 (D. Haw. 2022) (striking declaration that party "could have and should have been submitted with the Application for TRO. Reserving the Declaration for submission with the Reply unfairly deprived [opponent] of the opportunity to respond."); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003), *aff'd*, 372 F.3d 1330 (Fed. Cir. 2004) (striking "new evidence submitted in reply" because "Defendant is not able to respond within the briefing schedule" for injunction).

The reply more than doubles the evidence Dash.fi submitted on its opening motion. And Dash.fi has no legitimate justification for springing this evidence on Meta and the Court now. This evidence was available to Dash.fi when it filed its motion on October 6, 2026, and when it filed its complaint two weeks ago.[1] *See, e.g.*, Dkt. 28-10 (Stewart Ex. F) [redacted]. Although the evidence introduces significant new facts, it does not relate to any novel issues Meta raised in its opposition or that Dash.fi could not have anticipated in framing its opening arguments. *See Iconix*, 457 F. Supp. 2d at 976 (sustaining objection to new

[1] The parties' correspondence about this dispute predates the filing of this action, and indeed, documents show Dash.fi already retained its current counsel by early September.

reply evidence notwithstanding argument that the evidence "respond[s] specifically to points raised in Defendants' oppositions"). Rather, the new evidence relates to Dash.fi's purported imminent extinction, customer losses, chargebacks, and alleged disputes with Meta, *see* Dkts. 27, 27-1 – 27-8, 28, 28-1 – 28-19—issues front and center in Dash.fi's opening motion.

Take irreparable injury. Dash.fi argued it needs emergency relief because Meta's conduct will destroy its business within two months. Dash.fi had every incentive to proffer its best evidence when it moved for an *ex parte* TRO, but it chose to rely on its CEO's say-so without supporting financial evidence. Now, at the eleventh hour, Dash.fi has materialized a declaration from its CFO and purported financial support of its imminent extinction. *See* Reply 1-5. The timing of this submission is unjustified and its reliability is suspect. The curated new evidence is not straightforward financial data, but reflects Dash.fi's cherry-picked examples and self-serving speculation. *E.g.*, Dkts. 28, 28-1 – 28-19. For example, [redacted] Dkts. 27-4 ¶ 10 & 28-19. And Dash.fi submits an expert report purporting to opine on the validity of Meta's actions as to Dash.fi, but without having given the putative expert access to Meta's unredacted opposition or supporting declarations about its investigation into Dash.fi's TransPecos chargebacks—or even asking Meta for permission to share these materials. Dkt. 27-4 ¶ 8. The untested reply evidence also inexplicably contradicts Dash.fi's opening showing. For example, although the motion argues [redacted]

The Court should not consider this belated evidence because Meta never had a chance to test it in discovery or address how it impacts the merits of the motion.[2] *See Provenz*, 102 F.3d at 1483; *O'Hailpin*, 583 F. Supp. at 1302.

[2] Meta is cognizant the Local Rules do not permit argument on the merits of Dash.fi's motion in this objection. To the extent the Court will consider Dash.fi's new reply evidence, Meta will address why even this evidence supports denial of motion at the hearing or in supplemental briefing after discovery if the Court permits it.

If the Court is inclined to consider this new evidence, Meta respectfully requests the Court allow expedited discovery and allow Meta a sur-reply before deciding the motion. Dash.fi itself recognizes its business is sustainable at least until December 18, 2026, thereby affording the parties time to develop the record through discovery. Limited discovery (the contours of which Meta is happy to confer on with Dash.fi or discuss with the Court) ensures the Court will have a reliable record on which to consider the extraordinary preliminary relief being sought, and ensures Meta has a fair opportunity to respond—especially where the new factual evidence was exclusively in Dash.fi's control and Dash.fi waited until the reply to submit its putative expert's opinions.

If the Court permits targeted discovery, Meta proposes the parties meet and confer on a schedule for limited discovery and supplemental briefing in advance of a December hearing or would be happy to discuss such a schedule with the Court at the upcoming hearing.

Dated: October 14, 2026

Respectfully submitted,

By: *<u>/s/ Sonal N. Mehta</u>*

Sonal N. Mehta (Bar No. 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Molly Jennings (*pro hac vice*)
molly.jennings@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

*/s/ Sonal N. Mehta*
Sonal N. Mehta