JEFF K. JOYNER (SBN 180485)
jjoyner@glaserweil.com
GIANNA SEGRETTI (SBN 323645)
gsegretti@glaserweil.com
ROBERTO C. ARBULU (SBN 340381)
rarbulu@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: (310) 553-3000
Fax: (310) 556-2920

PETER M. BRANSTEN (SBN 113352)
pbransten@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Phone: (415) 510-4815
Fax: (415) 510-4790

*Attorneys for Plaintiff*
*DASH.FI TECHNOLOGIES INC.*

Glaser Weil

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DASH.FI TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:26-cv-11130-RFL<br><br>Judge: Hon. Rita F. Lin<br><br>**PLAINTIFF DASH.FI TECHNOLOGIES INC.'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO STRIKE** |

Glaser Weil

## I. INTRODUCTION

The Court should deny Meta's Objection and Motion to Strike (Dkt. 29, "Objection") Meta's Objection and Motion to Stroke Dash.fi's evidence in support of its reply brief in support of a temporary restraining order (Dkt. 27) or adjourn the October 15, 2026, hearing on a preliminary injunction ("PI Hearing") to December 2026. The relief Meta seeks would prejudice Dash.fi and is contrary to the Court's Order (Dkt. No. 20) setting the October 15 hearing and Meta's prior Notice of Opposition ("Notice") requesting an expedited briefing schedule and hearing for October 13, 2026 (Dkt. No. 16). With the significant evidence in support of a preliminary injunction against Meta, it is now improperly disguising a motion for reconsideration of the Court's Dkt. No. 20 Order as an Objection.

The Objection should be overruled for two reasons. *First*, it is the latest in a series of procedural moves, beginning with Meta's opposition to extending the page length of briefs and improper "Notice" requesting an expedited briefing schedule and hearing (Dkt. 16); all aimed at preventing Dash.fi from presenting evidence and delaying the PI Hearing so that Dash.fi cannot restore the status quo now so it does not run out of cash. *Second*, the Ninth Circuit permits reply evidence that responds to arguments raised in an opposition.

## II. ARGUMENT

*First*, the Objection repeats the procedural maneuver in Meta's "Notice;" failing to provide notice to or meet and confer with Dash.fi's counsel, or submit an attorney declaration or proposed order the Local Rules require. Dkt. 18 at 1–2 (citing Civil L.R. 6-3(a), 7-1(a), 7-11(a)). Meta's Objection improperly goes well beyond just that and asks for an adjournment of tomorrow's PI Hearing and expedited discovery. Obj. at 1, 3.

*Second*, Meta concedes that "the Local Rules do not permit argument on the merits of Dash.fi's motion in this objection," Obj. at 2 n.2, and then argues the merits anyway as an unauthorized sur-

Glaser Weil

reply.

*Third*, Meta's position contradicts itself. Its opposition to the motion for a temporary restraining order asserted that Dash.fi's CEO made a "conclusory statement" without supporting evidence. Opp. at 9–10. Its Objection now faults Dash.fi for supplying that evidence. Obj. at 2. Meta's real concern is not when the evidence was filed but what it shows, so Meta improperly ask the Court not to consider it. In addition, Meta asserts that Dash.fi did not have authority under the Mastercard rules (Opp. at 2:7–13; 9–10) but now wants to prevent Dash.fi from submitting an expert's declaration showing Dash.fi's chargebacks were cardholder-authorized and processed under Mastercard's rules.

*Fourth*, the relief Meta seeks shows its purpose. Meta asks for a December 2026 hearing, Obj. at 1, 3, and cites Dash.fi's statement that it can operate "at least until December 18, 2026," *id.* at 3. That is the date Dash.fi's general ledger shows it will run out of operating cash. Reply at 1–2 (citing Stewart Decl. ¶¶ 9, 12–13, 44, Exs. B, C, M). The status quo must be restored now so Dash.fi has time to reinstate its cardholders' spend on Meta's platforms and Ad Pay Protection prior to its extinction. A December hearing would push adjudication to the edge of the harm the injunction entered now is meant to prevent. That is why "relief after December 18 will be too late." Reply at 5.

*Finally*, the contradictions Meta claims to find do not exist, because Meta fails to tell the Court that the two amounts measure different things. The $37 million figure is the drop in monthly Meta card spend in September 2026. Mot. at 14–15 (citing Johnson Decl. ¶¶ 58–61, 81–82). The figure reflects what the 87 customers who stopped using Dash.fi cards between April and August 2026 would have spent in September at their prior average. The $8.7 million figure is the net change in total Meta spend on Dash.fi cards from August ($76.1 million) to September ($67.4 million). Stewart Decl. ¶¶ 28, 31–32, Exs. F, G, H. That figure reflects two things happening at once. Existing customers dropped the card for Meta spend because of Meta's conduct. *See id.* ¶ 29. Meanwhile, new customers who spend far less were onboarding. *Id.* ¶ 30, Ex. G.

The case law supports that, "Evidence is not 'new,' [] if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007); *see Rayon-Terrell v. Contra Costa Cnty.*, 232 F. App'x 626, 628–29 & n.2 (9th Cir. 2007) (evidence was not new where the reply "addressed the same set of facts supplied in [the] opposition to the motion but provides the full context"). Courts in this District apply the same rule. *Nevarez v. Forty Niners Football Co.*, 326 F.R.D. 562, 591–92 (N.D. Cal. 2018) (considering reply evidence raised "in direct response to Defendants' opposition brief"); *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, 2016 WL 4382604, at *10 (N.D. Cal. Aug. 17, 2016) (reply evidence "offered in direct response" to the opposition may be considered) (as cited in *Nevarez*); *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) (discretion is exercised where "the new evidence appears to be a reasonable response to the opposition"). Here, the evidence directly rebuts new arguments and issues introduced by Meta.

Meta's lead Ninth Circuit authority does not require striking reply evidence. It requires only that the non-movant have "an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (as quoted in Obj. at 1). Meta has had that opportunity and has taken it. Its objection argues the substance of the reply evidence, Obj. at 2, despite Meta's own concession that the Local Rules do not permit merits argument in an objection, *id*. at 2 n.2. In addition, Meta admits it will have an opportunity at the PI Hearing, where it says it will explain "why even this evidence supports denial of [the] motion." *Id*. Nothing in *Provenz* calls for more, and certainly not a two-month continuance while Dash.fi is destroyed or the exclusion of evidence about whether a company will survive. Meta's remaining authorities do not help it. In *Iconix, Inc. v. Tokuda*, the court did not refuse to consider the reply evidence. It gave the defendant an opportunity to respond. 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006). Meta has had that opportunity here and will have another at the hearing. Although in *O'Hailpin v. Hawaiian Airlines, Inc.*, the court struck a declaration filed with a

TRO reply because it could have been filed with the moving papers and the defendant had no chance to respond, it nonetheless noted that "portions directly addressing [a declaration] which was submitted with the Opposition were reasonably submitted with the Reply." 583 F. Supp. 3d 1294, 1302 (D. Haw. 2022). Neither is true here. Dash.fi's reply evidence was prepared in response to Meta's Opposition and directly rebuts its arguments. Meta has also already responded, albeit improperly. In *Nautilus Group, Inc. v. Icon Health & Fitness, Inc.*, the court struck reply evidence because the defendant could not respond within the briefing schedule. 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003). Meta, by contrast, has already responded in writing and will respond again at the hearing.

The Ninth Circuit has applied this rule to evidence in support of a reply brief on a preliminary injunction motion. In *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, the court upheld the district court's decision to consider six new declarations and four exhibits filed with the reply, plus two more declarations filed afterward, "[b]ecause the record shows that Defendants had an opportunity to respond." 98 F.4th 1180, 1188 (9th Cir. 2024) (citing *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003)). Likewise, Meta received the reply papers before the hearing, already responded in its Objection, and has stated it will be prepared to do so at the PI Hearing.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the Objection so that the Court can review the full record and proceed with the PI Hearing pursuant to the Court's Dkt. No. 20 Order.



Glaser Weil

DATED: October 14, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Roberto Arbulu*
JEFF K. JOYNER
PETER M. BRANSTEN
GIANNA SEGRETTI
ROBERTO C. ARBULU

*Attorneys for Plaintiff*
*DASH.FI TECHNOLOGIES INC.*